UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEBIYU SOLOMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>JASON BLACK,<br><br>        Defendant. | Case No. 23-cv-04799-JSC<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner is a detainee at Atascadero State Hospital proceeding without representation by a lawyer. He filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 6.) The Court dismissed the petition without prejudice to refiling after state court remedies are exhausted. (ECF No. 14.) Petitioner appealed, and the United States Court of Appeals ordered this Court to rule on whether a certificate of appealability ("COA") should be issued under 28 U.S.C. § 2253(c)(1)(A). (ECF No. 18.)

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal

1  courts to first resolve the procedural issue. *Id.*

2  Jurists of reason would not find the procedural ruling that Plaintiff did not exhaust his
3  claims debatable or wrong.  As explained in the dismissal order, it is clear from the face of the
4  petition that Petitioner did not exhaust his claims prior to filing the instant petition because he
5  indicated he did not file any appeals or other petition, application, or motion in the state appellate
6  courts.  (ECF No. 14 at 3:11-16 (citing ECF No. 6 at 2-3, 6).)  Moreover, Petitioner's proffered
7  reasons for not pursuing appellate remedies did not excuse his exhaustion obligation because they
8  did not constitute "extremely unusual" circumstances or render the state appellate process
9  ineffective or unavailable.  (*Id.* at 3:20-4:10 (citing 28 U.S.C. § 2254(b)(1)(B)(i)-(ii); *Edelbacher*
10 *v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998).)  Consequently, no jurists of reason would find
11 debatable whether the Court was correct in concluding the petition must be dismissed without
12 prejudice for lack of exhaustion.  In light of this conclusion, under *Slack*, 529 U.S. at 485, the
13 Court need not reach the issue of whether jurists of reason would find it debatable whether the
14 petition states a valid claim of the denial of a constitutional right.

15 Accordingly, the Court concludes no certificate of appealability is warranted.

16 **IT IS SO ORDERED.**

17 Dated: March 5, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge

2